UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY YOUNG,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　　Respondent. | CAUSE NO. 3:19-CV-1015-DRL-MGG |

OPINION & ORDER

Jerry Young, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge his conviction and 60 year sentence for robbery as an habitual offender under Cause No. 49G09804-CF-58703 in the Marion Superior Court on February 16, 1999. However, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> 　　(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 　　(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 　　(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 　　(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Mr. Young wrote:

> This case has never become final. The court did not conduct the sentencing judgment. Only the court has authority to conduct final appealable order. A master commissioner is not a court. This case can never become final. Once a void judgment is entered it[] remains void forever.

ECF 1 at 5. This is simply incorrect. The state trial court entered a final appealable order, and Mr. Young appealed from it. *See Young v. State*, 725 N.E. 2d 78 (Ind. 2000). The Indiana Supreme Court affirmed his conviction on March 14, 2000. *Id.*

Nothing in his answer or any other part of the petition indicates state action impeded him from filing a habeas corpus petition sooner, that his claims are based on a newly recognized constitutional right, or that his claims are based on newly discovered evidence. Accordingly, 28 U.S.C. § 2244(d)(1)(B), (C), and (D) don't establish the start of the limitation period.

Instead, the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of the time to pursue direct review. He didn't petition for *writ of certiorari* to the United States Supreme Court. Nevertheless, he had 90 days to do so. His conviction didn't become final until that time expired—on June 12, 2000. *See* Sup. Ct. R. 13(1) and *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). ("the judgment becomes final . . .when the time for pursuing direct review . . . expires"). The 1-year period of limitation thus expired on June 12, 2001. Though Mr. Young filed a post-conviction relief petition in 2014, that did not "restart" the federal clock, or "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009). This petition must be dismissed because it is untimely.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, so a certificate

of appealability must be denied. For the same reasons, he may not appeal *in forma pauperis* because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely;

(2) DENIES Jerry Young a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Jerry Young leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the clerk to close this case.

SO ORDERED.

May 12, 2020                                               *s/ Damon R. Leichty*
                                                           Judge, United States District Court